UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBRA A. WILLIAMS, <br><br> Plaintiff <br><br> v. <br><br> STERLING CREDIT CORPORATION, <br><br> Defendant | Case No.: <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** <br><br> (Unlawful Debt Collection Practices) |

## COMPLAINT

DEBRA A. WILLIAMS ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against STERLING CREDIT CORPORATION ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

PLAINTIFF'S COMPLAINT

3. Defendant conducts business and has an office in the Commonwealth of Pennsylvania and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

## PARTIES

5. Plaintiff is a natural person residing in Philadelphia, Pennsylvania 19139.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a national debt collection company with its corporate headquarters located at 716 North Bethlehem Pike, Suite 301, Ambler, Pennsylvania, 19002.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and contacted Plaintiff in an attempt to collect a debt.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff.

11. The alleged debt, a Federal Credit Union, arose out of transactions, which were primarily for personal, family, or household purposes.

12. Beginning in or around August 2013, and continuing through December 2013, Defendant engaged in debt collection activities seeking and demanding payment from Plaintiff for an alleged consumer debt.

13. Having the intent to annoy, abuse and harass Plaintiff, Defendant made

continuous calls to Plaintiff's cellular telephone.

14. Plaintiff received telephone calls and voicemail messages from Defendant on a number of occasions from the following phone number: (215) 793-4600, which the undersigned has confirmed is a telephone number belonging to Defendant.

15. It was upsetting and aggravating for Plaintiff to receive continuous collection calls from Defendant.

16. In September 2013, Plaintiff spoke with Defendant three (3) times in the same week, as Defendant kept calling Plaintiff to pressure her into setting up a payment plan.

17. Each time Plaintiff spoke with Defendant, she explained that she had been unemployed for almost one (1) year, that she was not able to find any employment, and that she had to pay rent.

18. Defendant refused to stop calling Plaintiff, despite knowing that she did not have the ability to pay the rent and that her financial situation had not changed.

19. Defendant insisted that she establish a payment plan, claiming that she could pay at least $5.00.

20. When Plaintiff told Defendant she could not pay the alleged debt, Defendant threatened to report her to the credit bureaus and claimed that it could garnish her wages.

21. In Pennsylvania, not only is a debt collector unable to garnish a person's wages, but it cannot garnish a person's unemployment compensation benefits.

22. Therefore, when Defendant threatened to garnish her wages, it did not intend to take the threatened action and legally could not take the threatened action.

23. Furthermore, upon learning that Plaintiff did not have the financial means to pay the alleged debt, Defendant failed to update its records to stop the calls to Plaintiff.

24. Also, Defendant was not in possession of any information to contradict Plaintiff's statements that she did not have the financial means to pay the debt.

25. Rather, Defendant persisted in calling Plaintiff to collect a debt which it knew she could not pay.

26. Furthermore, in its communications with Plaintiff, Defendant claimed that it had obtained a judgment against her.

27. Upon information and belief, Defendant had not obtained a judgment against Plaintiff; rather, it made such deceptive statement believing that such statements may cause Plaintiff to make payment on the alleged debt.

28. Lastly, when speaking with Plaintiff, Defendant would make harassing and demeaning statements to Plaintiff, such as "I am sure you feel bad for not paying your debt."

29. Most recently, Defendant contacted Plaintiff on December 10, 2013.

30. Defendant's pattern of repeated, successive calls to Plaintiff was done with the intent and purpose of harassing, annoying and abusing Plaintiff.

31. Defendant's actions in attempting to collect the alleged debt were harassing, abusive and highly deceptive.

## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

32. In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

### COUNT I

a. A debt collector violates § 1692d of the FDCPA by engaging in conduct

the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

b. A debt collector violates § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

c. Here, Defendant violated §§ 1692d and 1692d(5) of the FDCPA when it called Plaintiff, on average, several times a week, having the intent to annoy, abuse and harass him, as well as continuing to call Plaintiff after having been told that she did not have the financial means to pay the alleged debt.

## COUNT II

a. A debt collector violates § 1692e of the FDCPA by using false, deceptive or misleading representations or means in connection with the collection of any debt.

b. A debt collector violates § 1692e(4) of the FDCPA by representing or implicating that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

c. A debt collector violates § 1692e(5) of the FDCPA by threatening to take any action that cannot legally be taken or that is not intended to be taken.

d. Section 1692e(10) of the FDCPA prohibits debt collectors from using any

PLAINTIFF'S COMPLAINT

    false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

  e. Here, Defendant violated §§ 1692e, 1692e(4), 1692e(5), and 1692e(10) of the FDCPA by threatening to garnish Plaintiff's wages, when it did not intend to take the action and could not legally take the threatened action, as well as falsely claiming it had obtained a judgment against her when it had not done so.

## COUNT III

  a. A debt collector violates § 1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

  b. Here, Defendant violated § 1692f of the FDCPA engaging in other unfair and unconscionable debt collection practices, including failing to update its records to stop the collection calls to Plaintiff, after having been Plaintiff could not pay the alleged debt.

WHEREFORE, Plaintiff, DEBRA A. WILLIAMS, respectfully prays for a judgment as follows:

  a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

  b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

  c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

  d. Any other relief deemed appropriate by this Honorable Court.

PLAINTIFF'S COMPLAINT

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, DEBRA A. WILLIAMS, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: July 25, 2014

KIMMEL & SILVERMAN, P.C.

By: _____
CRAIG THOR KIMMEL
Attorney ID # 57100
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: kimmel@creditlaw.com